UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHERINE BAKER, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>SAVE MART SUPERMARKETS, et al.,<br><br>    Defendants. | Case No. 22-cv-04645-AMO<br><br>**ORDER RE DISCOVERY DISPUTE**<br><br>Re: Dkt. Nos. 82, 83 |

Before the Court is the parties' joint discovery letter brief regarding depositions of Plaintiffs' declarants. ECF 82. Plaintiffs moved for class certification on July 3, 2024, including declarations from 7 individuals they initially disclosed and declarations from 45 additional individuals ("Declarants"). Defendant Save Mart Supermarkets ("Save Mart") seeks to depose the 52 Declarants, arguing that they have "injected themselves" into the litigation. ECF 82 at 2-3. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the Court agrees that the additional depositions are premature at this time and rules as follows.

Save Mart contends that the additional depositions are necessary because Plaintiffs failed to previously disclose 45 of the Declarants and Save Mart must have a fair opportunity to determine the commonality of the representatives' claims. ECF 82 at 2-3. Plaintiffs assert that Save Mart may only depose Declarants within the ten-deposition limits imposed under Federal Rule of Civil Procedure 30. Plaintiffs argue that Save Mart's request for additional depositions is premature as Save Mart has only taken depositions of two named plaintiffs thus far. Plaintiffs also contend that there is no good cause for the additional depositions as the content of the declarations speak to "class members' common experience[s] . . . ." ECF 82 at 6. Plaintiffs posit that if the

1  Court is inclined to allow more than ten depositions, it should only permit five additional
2  depositions that are selected at random. *Id.*
3        The Court agrees that the request for additional depositions is premature at this time as
4  Save Mart has only taken two depositions and scheduled two additional depositions. *See* ECF 82
5  at 5. Save Mart should proceed to notice the remaining depositions under Rule 30's default
6  discovery limits. If necessary, after taking the ten depositions permitted under Rule 30, Save Mart
7  may seek a stipulation from Plaintiffs or move the Court for additional depositions and show good
8  cause why the additional depositions are needed.
9        Given the upcoming deadline for Save Mart's opposition to the motion for class
10 certification, if Save Mart wishes to depose any of the declarants, it must notice its remaining 6
11 depositions within 5 days of this order. The deponents shall be made available for deposition
12 within 10 days of service of the notice. Following completion of the 6 depositions,[1] Save Mart
13 may, after meeting and conferring with Plaintiffs, seek leave of Court (by way of a joint discovery
14 letter brief) to conduct additional depositions that are proportional to the needs of the case. Should
15 Plaintiffs maintain the position that Save Mart should be limited to five additional depositions,
16 they shall be prepared to identify which and how many declarations they will withdraw to make
17 that number of proposed depositions proportional to the needs of the case. Additionally, each
18 party must include its final proposed compromise.
19       In light of the additional discovery authorized by this order, the Court **VACATES** existing
20 class certification deadlines and **ORDERS** the parties to meet and confer on necessary
21 adjustments to the class certification briefing schedule. The parties **SHALL** submit either a
22 ///
23 ///
24 ///

---

[1] The Court notes that Save Mart offered to limit its depositions to four hours. ECF 82 at 3. However, in light of Plaintiffs' insistence that Save Mart exhaust the number of depositions it is entitled to take under Rule 30, the Court imposes no time limit for each deposition. The parties are free to stipulate to an alternative that better suits the needs of the case, such as an agreement that if a declarant is deposed for only four hours, it does not count as a full deposition.

stipulation and proposed order or notice of their respective positions within 7 days of this order. The Court **DENIES AS MOOT** Save Mart's motion to revise class certification briefing deadlines.

**IT IS SO ORDERED.**

Dated: July 26, 2024

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**