1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                         NORTHERN DISTRICT OF CALIFORNIA
10
11  KATHERINE BAKER, JOSÉ LUNA,              )   Case No.: 1:22-cv-4645-RMI
12  EDGAR POPKE, and DENNY G. WRASKE,        )
    Jr., on behalf of themselves and all others  )   [PROPOSED] ORDER GRANTING
13  similarly situated,                      )   PRELIMINARY APPROVAL OF CLASS
                                             )   ACTION SETTLEMENT UNDER
14                 Plaintiffs,               )   FEDERAL RULE OF CIVIL
                                             )   PROCEDURE 23
15  v.                                       )
                                             )
16  SAVE MART SUPERMARKETS and SAVE          )
17  MART SELECT RETIREE HEALTH               )
    BENEFIT PLAN,                            )
18                                           )
                 Defendants.                 )
19  ─────────────────────────────────────────
20
21
22
23
24
25
26
27
28

Before the Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement under Federal Rule of Civil Procedure 23 (the "Motion").

WHEREAS, a proposed class action Settlement Agreement has been reached between Plaintiffs on behalf of the proposed Settlement Class, and Defendants Save Mart Supermarkets and Save Mart Select Retiree Health Benefit Plan (the "Plan") (collectively, "Save Mart" or "Defendants") that resolves certain claims against Save Mart for its purported termination of the Plan and representations it made about Plan benefits;

WHEREAS, the Court, for purposes of this Order, adopts all defined terms as set forth in the Settlement Agreement, filed as Exhibit 1 to the Declaration of Anne B. Shaver in Support of Preliminary Approval (the "Shaver Declaration");

WHEREAS, Save Mart does not oppose the Court's entry of the proposed Preliminary Approval Order;

WHEREAS, the Court finds it has jurisdiction over the above-captioned action and every party for purposes of this settlement and asserts jurisdiction over the Class Representatives for purposes of considering and effectuating the settlement;

WHEREAS, the Court held the Preliminary Approval Hearing on June 3, 2025; and

WHEREAS, the Court has considered all of the presentations and submissions related to the Motion, as well as the facts, contentions, claims, and defenses as they have developed in these proceedings, and is otherwise fully advised of all relevant facts in connection therewith;

NOW, THEREFORE, IT IS HEREBY ORDERED:

I. **Preliminary Findings Regarding Certification of Settlement Class**

1. The Settlement Class is defined as "All people who were participants in the Save Mart Select Retiree Health Benefit Plan as of June 30, 2022, all people who retired and met the Eligibility Criteria at any time on or after April 22, 2022, and all current Save Mart employees who have not yet retired but have otherwise met the Eligibility Criteria."

2. The Court is familiar with the standards applicable to certification of a Rule 23 settlement class in the Ninth Circuit. *See, e.g.*, *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 556-67 (9th Cir. 2019) (detailing the standard for certifying a settlement class).

3.    Applying these standards, the Court finds it will likely be able to certify, under Rule 23(e)(2), the proposed Settlement Class as defined above because the Settlement Class and the Class Representatives likely meet all relevant requirements of Rules 23(a) and 23(b)(3).

4.    The Court hereby appoints Plaintiffs Katherine Baker, José Luna, Edgar Popke, and Denny G. Wraske, Jr. as Class Representatives. Under Rule 23(g)(3), the Court hereby appoints Lieff Cabraser Heimann & Bernstein, LLP; Bolt Keenley Kim LLP; and Matern Law Group P.C. as Settlement Class Counsel.

## II.    Preliminary Approval of Class Action Settlement

5.    The proposed settlement appears to be the product of intensive, thorough, serious, informed, and non-collusive negotiations; has no obvious deficiencies; does not improperly grant preferential treatment to the Class Representatives or segments of the Settlement Class; and appears to be fair, reasonable, and adequate, such that notice of the settlement should be directed to the prospective Settlement Class Members and a Final Approval Hearing should be set. Additionally, the Court approves the proposed Plan of Distribution attached as Exhibit 3 to the Shaver Declaration. Accordingly, the Motion is GRANTED.

## III.    Notice to Class Members

6.    The Court is familiar with the evolving methods of class notice. As applied here, the Court finds that compliance with the procedures described in the Settlement Agreement is the best notice practicable under the circumstances and shall constitute due and sufficient notice to the Settlement Class of the terms of the Settlement Agreement and the Final Approval Hearing. The Court also finds that compliance with the procedures described in the Settlement Agreement satisfy the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law. Accordingly, under Rule 23(e)(1), the Court approves the notice program and directs that notice substantially in the form of the Notice (attached as Exhibit 2 to the Shaver Declaration) be disseminated in the manner set forth in the Settlement Agreement.

## IV.    Schedule

7.    The Court sets the following schedule for disseminating the Notice, filing objections to the settlement, requesting exclusion from the Settlement Class, filing the Motion for

Attorneys' Fees, Costs, and Service Awards, and filing the Final Approval Motion:

| Event | Proposed Date | Court-Adopted Date (if altered) |
|---|---|---|
| Notice | 26 days after Preliminary Approval Order | July 7, 2025 |
| Motion for Attorneys' Fees, Costs, and Service Awards | 21 days after Notice | July 28, 2025 |
| Objection Deadline | 35 days after Notice | August 10, 2025 |
| Opt-Out Deadline | 35 days after Notice | August 10, 2025 |
| Motion for Final Approval | 21 days before Final Approval Hearing | August 25, 2025 |
| Oppositions to Motion for Final Approval | 14 days before Final Approval Hearing | September 2, 2025 |
| Reply in Support of Motion for Final Approval | 7 days before Final Approval Hearing | September 9, 2025 |
| Final Approval Hearing | At least 96 days after the Preliminary Approval Order | September 16, 2025 |

**V.   Final Approval Hearing**

8.   The Final Approval Hearing shall take place on September 16, 2025, at 10:00 a.m. before the Honorable Robert M. Illman of the United States District Court for the Northern District of California, located at ~~the Phillip Burton Federal Building and United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102 (or, alternatively~~, the Eureka-McKinleyville United States Courthouse, 3140 Boeing Avenue, McKinleyville, CA 95519~~)~~, to determine whether the proposed settlement is fair, reasonable, and adequate; whether it should be finally approved by the Court; and whether the Released Claims should be dismissed with prejudice under the settlement.

**VI.   Settlement Administration, Notice, and Continuing Jurisdiction**

9.   The dates and deadlines set forth in this Preliminary Approval Order, including, but not limited to, the Final Approval Hearing, may be extended by Order of the Court without further notice to prospective Settlement Class Members, except that notice of any such extensions shall be included on the settlement website. Prospective Settlement Class Members should check the settlement website regularly for updates and further details regarding extensions of these deadlines. Exclusions and objections must meet the deadlines and follow the requirements set forth in the approved Notice in order to be valid.

10. Settlement Class Counsel and Counsel for Defendants are authorized to take, without further Court approval, all necessary and appropriate steps to implement the settlement, including the proposed notice program.

11. Settlement Class Counsel and Counsel for Defendants are hereby authorized to use all reasonable procedures in connection with approval and administration of the settlement not materially inconsistent with the Preliminary Approval Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the Settlement Agreement, the form or content of the Notice, or any other exhibits the parties jointly agree are reasonable or necessary.

12. The Court appoints CPT Group, Inc. ("CPT") as Settlement Administrator and authorizes CPT to request, obtain, and use Settlement Class Members' information for notice purposes.

13. The Court shall maintain continuing jurisdiction over these proceedings for the benefit of the Settlement Class as defined in this Order.

14. The Court stays all proceedings in the above-captioned matter until a final decision regarding the approval of the settlement is ordered.

**IT IS SO ORDERED**.

DATED: June 11, 2025

_____
The Honorable Robert M. Illman
United States Magistrate Judge