UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHERINE BAKER, JOSÉ LUNA, EDGAR POPKE, and DENNY G. WRASKE, Jr., on behalf of themselves and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>SAVE MART SUPERMARKETS and SAVE MART SELECT RETIREE HEALTH BENEFIT PLAN,<br><br>　　　　　Defendants. | Case No.: 1:22-cv-4645-RMI<br><br>[PROPOSED] **ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 23** |

Before the Court is Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement under Federal Rule of Civil Procedure 23 (the "Motion"). The Court held a fairness hearing for the Motion on September 16, 2025. Having considered the briefing in support of the Motion, responses from Settlement Class Members, relevant legal authority, and the record in this case, the Court GRANTS the Motion.

## I. BACKGROUND

1. This case concerns defendant Save Mart Supermarkets' purported termination of the Save Mart Select Retiree Health Benefit Plan (the "Plan") (together with the Plan, "Defendant" or "Save Mart"). Settlement Class Representatives[1] Katherine Baker, José Luna, Edgar Popke, and Denny G. Wraske, Jr. allege that Save Mart's purported termination of the Plan violated the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq.* because (1) Save Mart promised non-union retirees that their retiree medical benefits would last for their lifetimes and would always be as good as or better than the union's benefits and (2) Save Mart did not terminate those benefits in accordance with the Plan's written terms. A summary of this case's factual and procedural background is included in the Court's accompanying order on Settlement Class Counsel's Motion for Attorneys' Fees, Litigation Expenses, and Service Awards.

2. On April 18, 2025, Settlement Class Representatives and Save Mart executed a Settlement Agreement to resolve this litigation. By order dated June 11, 2025, this Court preliminarily approved that Settlement Agreement. ECF No. 122. In its preliminary approval order, the Court (1) preliminarily certified the Settlement Class, appointed Plaintiffs as Settlement Class Representatives, appointed Lieff Cabraser Heimann & Bernstein, LLP ("LCHB"), Bolt Keenley Kim LLP ("BKK"), and the Matern Law Group, P.C. ("Matern") as Settlement Class Counsel, and appointed CPT Group, Inc. ("CPT") as the Settlement Administrator; (2) preliminarily approved the Settlement Agreement as fair, reasonable, and adequate; (3) directed that Notice be sent to Settlement Class Members; and (4) set a schedule for the remainder of the settlement approval process. ECF No. 122.

3. On September 16, 2025, the Court held a Final Approval Hearing to consider final

---

[1] Unless otherwise defined, capitalized terms in this Order have the same meaning as in the Settlement Agreement, ECF No. 115-2.

approval of the Settlement Agreement.

4. The Court has reviewed and considered the Motion and its supporting memorandum of points and authorities, the Declaration of Anne B. Shaver in support of the Motion, the argument of counsel, and the relevant records and papers on file in this action. Having considered those materials, and for good cause appearing, the Court GRANTS the Motion and hereby orders as follows:

**II.    NOTICE**

5. The Court finds that the Notice plan and Supplemental Notice plan constituted the best notice practicable under the circumstances to all Settlement Class Members and were successfully implemented by the Settlement Administrator, effecting class notice that fully complied with the requirements of Federal Rule of Civil Procedure 23 and due process.

**III.    Class Certification and Class Representation**

6. The Court confirms the findings in its preliminary approval order and finds that, for purposes of the settlement only, all requirements for maintenance of a class action set forth in Federal Rules of Civil Procedure 23(a) and (b)(3) are satisfied: there are numerous Settlement Class Members such that joinder is impracticable, sufficient to satisfy Rule 23(a)(1); there are common questions of law and fact sufficient to satisfy Rule 23(a)(2); the claims of the Settlement Class Representatives are typical of the claims of the Settlement Class and therefore satisfy Rule 23(a)(3); Settlement Class Counsel and Settlement Class Representatives have fairly and adequately represented the interests of the Settlement Class and satisfied Rule 23(a)(4); and common questions predominate over individual questions and a class action is superior to other methods for adjudicating the case, and therefore the Settlement Class satisfies Rule 23(b)(3).

7. The Court therefore certifies the following Settlement Class: "All people who were participants in the Save Mart Select Retiree Health Benefit Plan as of June 30, 2022, all people who retired and met the Eligibility Criteria at any time on or after April 22, 2022, and all current Save Mart employees who have not yet retired but have otherwise met the Eligibility Criteria."

8. The Court interprets Wesley Unruh's filing, ECF No. 125, as a request to be included in the Settlement Class definition, not as an objection to the settlement. Accordingly, the

1  Court will not consider Mr. Unruh's filing in connection with the Motion. *See In re Volkswagen*
2  *"Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*, 229 F. Supp. 3d 1052, 1071 (N.D.
3  Cal. 2017) ("Thus, [objector] is not a Class Member, and the Court need not consider its
4  objection.") (citing *San Francisco NAACP v. San Francisco Unified Sch. Dist.*, 59 F. Supp. 2d
5  1021, 1032 (N.D. Cal. 1999)). As with all requests for inclusion in the settlement, Mr. Unruh's
6  request will be resolved by the Settlement Administrator. ECF No. 115-2 at 3, 8, 12.

7        9.      The Court confirms its previous appointment of Plaintiffs Katherine Baker, José
8  Luna, Edgar Popke, and Denny G. Wraske, Jr. as Settlement Class Representatives. The Court finds
9  that these Settlement Class Representatives have fairly and adequately represented, and will
10 continue to fairly and adequately represent, the interests of the Settlement Class.

11       10.     The Court confirms its previous appointment of LCHB, BKK, and Matern as
12 Settlement Class Counsel. The Court finds that Settlement Class Counsel have fairly and adequately
13 represented, and will continue to fairly and adequately represent, the interests of the Settlement
14 Class.

15 **IV.**    **APPROVAL OF THE SETTLEMENT UNDER RULE 23(e)**

16       11.     Pursuant to Federal Rule of Civil Procedure 23(e), the Court hereby finds that the
17 settlement is fair, reasonable, and adequate and in the best interests of Settlement Class Members.
18 The Court makes this ruling based on the following factors, which demonstrate that the settlement
19 meets the "higher standard of fairness" applicable to settlements reached before class certification.
20 *Lane v. Facebook, Inc.*, 696 F.3d 811, 819 (9th Cir. 2012) (citation omitted).

21       a.     Settlement Class Counsel and Settlement Class Representatives ably
22 protected and furthered the best interests of the Settlement Class at every step in this action.

23       b.     There is no indicia of fraud or collusion underlying this settlement, and it
24 was reached as a result of an informed arm's length mediation session and subsequent negotiations.
25 *See, e.g.*, *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 948 (9th Cir. 2011) (presence
26 of a neutral mediator is a factor weighing in favor of a finding of non-collusiveness). In addition to
27 the involvement of the mediator, the Court has performed its own, independent analysis of the
28 Settlement's fairness, reasonableness, and adequacy pursuant to Federal Rule of Civil Procedure

23(e)(2).

  c. The settlement provides outstanding relief to the Settlement Class given the range of reasonable possible recoveries by the Settlement Class Members, especially since further litigation would likely be complex, expensive, lengthy, and risky.

  d. The $20,545,000 settlement provides substantial benefits to the Settlement Class in light of the strengths and weaknesses of the claims asserted. Settlement Class Counsel and the Court have carefully evaluated those strengths and weaknesses. The settlement is informed by extensive discovery and expert analysis that allowed Settlement Class Representatives to make a thorough evaluation of the strengths and weaknesses of their claims, as well as the fairness, reasonableness, and adequacy of the settlement.

  e. The settlement's methods of processing claims and distributing funds to Settlement Class Members are fair and adequate.

  f. The Plan of Distribution, ECF No. 115-4, will distribute funds to Settlement Class Members in an amount and manner that treats all Settlement Class Members equitably.

  12. The Court hereby overrules the objection of Glendal Forrest Richardson, attached to the Shaver Declaration as Exhibit A. First, Mr. Richardson's objection that he should not pay taxes on his Settlement Share, or in the alternative should not pay all taxes in one tax year, is unfounded. Second, Mr. Richardson's objection that his estimated Settlement Share is too low fails to account for (1) the fact that an actuarial expert calculated the Settlement Shares using standard actuarial practices; (2) the risks of continuing litigation, including the strengths and weaknesses of Settlement Class Representatives' claims, the time to litigate the case through trial and subsequent appeals given the age of the Settlement Class, or Save Mart's ability to pay a judgment in the future; and (3) Settlement Class Members' ability to opt-out of the settlement. *See In re College Athlete NIL Litig.*, No. 20-cv-03919, 2025 WL 1675820, at *35 (N.D. Cal. June 6, 2025) ("[T]he Court has found that Plaintiffs' damages allocations are fair and reasonable to all damages class members, and that they have an adequate basis in the economics analyses of Dr. Rascher, which reflect the extent of class members' injuries and the strength of their claims based on what class members would have received for their claims in the but-for world. That some objectors believe that more

1  favorable allocations could have been achieved does not alter that conclusion, particularly given
2  that members of the damages classes had the opportunity to opt out of the SA if they were
3  dissatisfied with Plaintiffs' damages allocations.") (collecting cases). Accordingly, the Court
4  overrules Mr. Richardson's objection.

5      13.    The Court hereby overrules the objection of Rex Dickenson, attached to the Shaver
6  Declaration as Exhibit B. The Court finds that Mr. Dickenson objects only to the amount of his
7  individual Settlement Share. Accordingly, the Court overrules Mr. Dickenson's objection for the
8  same reasons it overrules Mr. Richardson's objection. *See Nwabueze v. AT&T Inc.*, No. C 09–
9  01529, 2013 WL 6199596, at *7 (N.D. Cal. Nov. 27, 2013) ("That a more favorable result for some
10 Class Members could potentially have been reached is not a sufficient reason to reject an otherwise
11 fair and reasonable settlement.").

12     14.    Because the Court finds that the settlement is fair, reasonable, and adequate and in
13 the best interests of Settlement Class Members, and because the Court overrules both Settlement
14 Class Members' objections, the Court grants final approval of the settlement.

## V.    SETTLEMENT ALLOCATION AND CLAIMS PROCESS

16     15.    The Court adopts Settlement Class Representatives' proposed Plan of Distribution,
which provides every Settlement Class Member with their expected lifetime retiree medical
benefits, discounted by the exact same litigation risk factor for all Settlement Class Members, using
each Settlement Class Member's individual characteristics. Participating Settlement Class
Members will automatically receive a check containing their Settlement Share. If any funds remain
after this distribution, then the remaining funds will be automatically re-distributed to Participating
Settlement Class Members who cashed their initial Settlement Shares, in accordance with the
formula laid out in the Plan of Distribution. If any funds remain after this second distribution, all
such remaining funds will be distributed to this settlement's designated *cy pres* recipient: the
American Association of Retired Persons.

## VI.    RELEASES

16.    Upon the Effective Date, the Releasing Parties shall have, fully and irrevocably,
released and forever discharged Released Parties from any and all Released Claims. Accordingly,

- 5 -    [PROPOSED] ORDER RE FINAL APPROVAL
CASE NO. 1:22-CV-4645-RMI

the settlement shall terminate the Action. However, the release shall not include any claims related to the enforcement of the settlement.

### VII. OTHER MATTERS

17. The Action, and all Released Claims asserted against the Released Parties, are settled and dismissed with prejudice.

18. Execution of the settlement shall proceed as set forth in the Settlement Agreement. The date of the first distribution to Settlement Class Members is 30 days after the Effective Date. The date of the second distribution to Settlement Class Members, if necessary, is 210 days after the Effective Date. The date of distribution to the designated *cy pres* recipient, if necessary, is 390 days after the Effective Date.

19. The parties shall file a post-distribution accounting in accordance with the Northern District of California's Procedural Guidance for Class Action Settlements within 21 days after the completion of distribution ("Post-Distribution Accounting"). The parties may request a continuance of the deadline to file the Post-Distribution Accounting if the information required as part of the accounting is not yet available.

20. The Court reserves jurisdiction over the subject matter and each party to the Settlement Agreement with respect to the enforcement of the settlement for all purposes, including enforcement of any of the terms thereof at the insistence of any party and resolution of any disputes that may arise relating to the implementation of the settlement or this Order.

### VIII. CONCLUSION

21. The Motion is hereby GRANTED, and Judgment is entered in accordance with the terms of this Order as of the date of this Order.

**IT IS SO ORDERED**.

DATED: September 16, 2025

The Honorable Robert M. Illman
United States Magistrate Judge